10684

GOUGH v. TEXAS CO.

(108 S. E. 153)

CORPORATIONS—WHETHER AGENT WAS ALLOWED 30 DAYS AFTER TERMINATION OF AGENCY, TO MAKE COLLECTIONS SO AS TO BE ENTITLED TO COMMISSIONS, HELD FOR THE JURY.—In an action by a former agent of an oil company for commissions on collections made after termination of the agency, wherein it conclusively appeared that the written contract providing that commissions on uncollected accounts were forfeited was waived by an extension of time, the question whether the agent was given 15 or 30 days to make collections *held* for the jury.

Before McIVER, J., Chester,——— term, 1920. Affirmed.

Action by S. A. Gough against Texas Company. From judgment for plaintiff the defendant appeals.

*Messrs. Henry & McLure,* for appellant, cite: *Waiver*: 27 R. C. L., 909, 910.

*Messrs Gaston & Hamilton,* for respondent, cite: *Waiver*: 114 S. C., 185; 103 S. C., 284.

August 1, 1921.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

Prior to July 1, 1920, the plaintiff had been the agent of the defendant company at Chester, S. C. On June 30, 1920, the defendant sent to Chester Mr. Dority, its assistant superintendent, to check up the plaintiff's business and to install Mr. McGuire, the new agent. The plaintiff was working under a written contract that provided for sales on commissions. The contract provided that on the termination of the agency all commissions on uncollected accounts should be forfeited. When Mr. Dority completed the settlement he told Mr. Gough, the plaintiff, that he would allow him commissions on all claims he collected prior to July 15th, and asked him to take the new agent around with him, and introduce him to the customers. The plaintiff agreed to continue his collections and carry the new agent, but said 15 days is not enough time in which to collect $4,000, in July, and claimed 30 days instead. It is not denied that the plaintiff, at his own expense of travel, in his own machine, did make the collections. The defendant tendered to the plaintiff pay for collections made prior to July 15th, but refused to pay commissions on claims that he collected after that day, and before the end of July. Mr. Dority, the assistant superintendent, states that he did not protest against the extension to 30 days, instead of 15, as he said it would have done no good to protest. At the close of the testimony the defendant moved for a directed verdict on the ground that there was no evidence of a waiver of the offered extension of 15 days. This motion was refused.

There are several exceptions, but they raise but one question. The motion was properly refused. There is no question but that the written contract was waived. The only question is, Was it waived for 15 or 30 days? There was abundant evidence of a 30-day waiver to carry the case to the jury.

The judgment is affirmed.